Dear Mr. Delahaye:
I am in receipt of your request for an Attorney General's opinion concerning unused sick leave. Specifically, you ask:
 Whether or not the Iberville Parish School Board has an obligation to pay a retired employee for accrued sick leave?
You have provided our office with a copy of the Iberville Parish School Board's policy. It states the following in pertinent part:
 C. Accrued unused sick leave earned by an employee shall be carried forward to the succeeding fiscal and/or school year without limitation. Such unused accumulated leave may be used for personal illness or emergencies as defined hereinafter.
 D. Upon death or retirement, a certified employee of the Iberville Parish School Board shall be paid for a maximum of twenty-five (25) days of unused accumulated sick leave earned from service outside of Iberville Parish. Such employee may also be paid for unused current and/or accumulated sick leave accumulated while employed by the Iberville Parish School Board. However, for purposes of payment upon death or retirement, the total number of unused current and/or accumulated sick leave days earned while employed by the Iberville Parish School Board and those earned outside of Iberville Parish shall not exceed the maximum of forty-five (45) days. In all cases, the employee (or his/her heirs) shall be paid at the employee's rate of pay at the time of retirement (or death). It shall be the policy of the Iberville Parish School Board that current sick leave is considered used before accumulated sick leave is used. Further, accumulated sick leave is used in reverse of the order in which it was earned, i.e., the most recently earned accumulated sick leave is used first and the least recent used last.
 Upon death of any non-certified employee of the School Board, there shall be paid to the heirs of such employee any unused sick leave not to exceed 45 days of such unused leave at the non-certified employee's rate of pay at the time of death.
LSA-R.S. 17:425 provides the following in reference to payment of accrued sick leave upon retirement or death:
 Notwithstanding any other provision of the law to the contrary, beginning July 1, 1973, any parish or city school board, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported educational institutions upon the retirement of any employee of such boards or upon his death prior to retirement, shall pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave. Such pay shall be at the rate of pay received by the employee or teacher at the time of retirement or death prior to retirement. However, a city or parish school board may pay such unused sick leave beyond twenty-five days on a uniform basis not to exceed forty-five days at its discretion. Any payment of such unused sick leave beyond twenty-five days shall be based on affordability and the availability of funds. No unused sick leave beyond twenty-five days paid for under the provisions of this Section shall be used in the calculation of retirement benefits and no state funds shall be used for the payment of such sick leave.
In Attorney General Opinion 92-93, our office opined that pursuant to LSA-R.S. 17:425:
 [I]t is clear when reading this statute that any parish or city school board upon the retirement of any employee of such board or upon his death prior to retirement, shall pay an employee all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave. The statute continues by allowing the board to have the discretion to pay an employee for unused sick leave for up to forty-five days. The statute specifically states that no unused sick leave that is paid for beyond the twenty-five days is to be included in the calculation of retirement benefits. Therefore, it is apparent that the legislature intended for any sick leave that is paid to an employee that is less than twenty-five days is also to be excluded from the calculation of retirement benefits.
LSA-R.S. 17:1201(B) states the following concerning sick leave upon death or retirement:
 Upon the retirement of any public school member of the teaching staff, or upon his death prior to retirement, his employer shall pay to such member of the teaching staff or to his heirs or assigns, sick leave which has accrued to such member of the teaching staff but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of such unused sick leave. Such pay shall be at the rate of pay received by the member of the teaching staff at the time of retirement or death prior to retirement; provided that any parish or city school board may pay such unused sick leave beyond twenty-five days at its discretion.
In Attorney General Opinion 93-326, our office opined that under LSA-R.S. 17:1201(B), a school board may pay members of its teaching staff for unused accumulated sick leave over and above the mandatory twenty-five days payable at death or retirement.
You reference Attorney General Opinion 99-210 concerning unused annual leave in your opinion request. Unlike annual leave that is considered wages for purposes of LSA-R.S. 23:631 unless stated otherwise by policy, sick leave is not considered wages and the payment of sick leave is limited statutorily upon death or retirement by LSA-R.S. 17:425 and LSA-R.S. 17:1201(B). Therefore, the Iberville Parish School Board is required to pay a retired employee for accrued unused sick leave of up to twenty-five days. The Iberville Parish School Board's policy allows for the payment of up to forty-five days at the discretion of the school board.
I hope this opinion sufficiently addresses your concerns. If you need further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON
ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
99-329.op